UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
AMBER L. SILVA,
    Debtor.                                                 No. 7-07-11640 SA

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE WITHOUT PREJUDICE FOR
NON-COMPLIANCE WITH PREPETITION BUDGET AND CREDIT COUNSELING
REQUIREMENT OF 11 U.S.C. §109(h)) AND
SETTING HEARING DIRECTED TO BANKRUPTCY PETITION PREPARER**

On its own motion the Court conducted a hearing concerning the compliance by Debtor Amber L. Silva ("Debtor") with the requirement for prepetition budget and credit counseling mandated by §109(h). That section requires a debtor to obtain the counseling "during the 180-day period preceding the date of filing of the petition...." Debtor filed her petition July 9, 2007; her certificate of prepetition budget and credit counseling certified that she received the counseling that same day. Thus Debtor has not complied with §109(h) and is therefore ineligible to be a debtor under the Bankruptcy Code, and this case must be dismissed.

At the hearing, Debtor informed the Court that, having received from her bankruptcy petition preparer most of the documents needed to successfully file a chapter 7 bankruptcy petition, she (Debtor) appeared in the Clerk's office to initiate her case on July 9. The Clerk's office personnel, pursuant to standard operating procedures, reviewed the documents, and informed Debtor that she did not have the certificate for the

prepetition budget and credit counseling. The Clerk's office suggested she obtain the counseling and the accompanying certificate and then return to file her petition. Debtor complied immediately. Her paper petition is file stamped 3:38 p.m. (which would be Mountain Daylight Time). The certificate recites that "I certify that on July 9, 2007, at 4:19 o'clock PM CDT[1] Amber L. Silva received[2] from Allen Credit and Debt Counseling Agency...." Doc 9. Thus the documents show that Debtor completed her prepetition counseling nineteen minutes prior to filing her petition, and on the same day.

At the hearing, Debtor justifiably expressed considerable frustration with the advice she received from the Clerk's office and the result ultimately obtained. In response to this case, the Clerk's office has revised its procedures and some of the filing instructions posted on the court website and in the 10th floor hall in the courthouse. Unfortunately, Debtor is not entitled to relief due to receiving the incorrect advice. See Bowles v. Russell, __ U.S. __, 127 S. Ct. 2360, 2366 (2007) (reliance on trial judge's incorrect allowance of additional time

---

[1] The copy of the certificate has a tiny blotch at this spot, but it appears clearly enough that Central Daylight Time is indicated. This time would also be consistent with Debtor's account of what happened.

[2] Sic. In the circumstances of this case, "completed" would be a more precise term.

Page -2-

for appeal not grounds for permitting late appeal in habeas corpus proceeding).

Exhibit D to a bankruptcy petition constitutes the certification by debtor and the bankruptcy petition preparer concerning the status of the prepetition budget and credit counseling. Debtor's petition has the second box checked, which recites in summary form that Debtor has obtained the requisite counseling within 180 days before the filing of the petition[3] but does not have the provider's certificate describing the services rendered. Exhibit D has been signed by both Debtor and the bankruptcy petition preparer, and it is dated July 3, 2007. Unless Debtor had previously obtained a counseling session in addition to the one she obtained on July 9, 2007 (there has been no suggestion that she did), Exhibit D is blatantly incorrect. Exhibit D was prepared by the bankruptcy petition preparer, and delivered to Debtor for Debtor's signature and submission to the Bankruptcy Court for filing.

Theresa Holland was the bankruptcy petition preparer for Debtor, charging $275 for her services. As a bankruptcy petition

---

[3] The wording of the form – "2. Within the 180 days <u>before the filing of my bankruptcy case</u>, I received a briefing...." (emphasis in original) -- is somewhat ambiguous, since it does not make clear that the 180-day period expires the day <u>before</u> the petition date. The language of the statute, on the other hand, is quite clear: "...such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received [a briefing]...." §109(h)(1).

preparer, she implicitly represented to (the then potential) Debtor that she would correctly prepare the documents that Debtor needed to file a bankruptcy petition. That a case prepared by a bankruptcy petition preparer might have been dismissed because of a defect at the initial filing stage raises the question about how well the preparer performed.

Without question Ms. Holland had no obligation to provide legal advice to Debtor; indeed, a bankruptcy petition preparer is explicitly forbidden to provide legal advice. §110(e)(2). And advising Debtor about what documents to submit to the Court is clearly legal advice. A careful review of what duties a bankruptcy petition preparer can legally perform suggests that preparers are entitled to perform the function of a typist or data entry clerk, and little more. Thus, although the statute (§110) that Congress has written makes it appear that debtors can rely on bankruptcy petition preparers to provide them with documents and, essentially, the advice needed to file a petition successfully, another part of the statute forbids the preparer from doing that.[4] In any event, it appears that Ms. Holland is probably not chargeable with having failed to adequately inform

---

[4] The statute in some senses is quite deceptive, but the Court has no authority to correct it; only Congress can do that if it wishes to do so. Rather, the Court must, except in rare circumstances not applicable here, apply the statute as Congress wrote it. E.g., Lamie v. United States Trustee, 540 U.S. 526, 534 (2004). (Citation omitted.)

Debtor that Debtor needed to obtain the prepetition budget and credit counseling prior to the date of filing her petition.

On the other hand, as a bankruptcy petition preparer offering to help Debtor prepare the forms to file a bankruptcy, Ms. Holland was obligated to fill out Exhibit D correctly as of the date that she and Debtor executed it. Performing that duty would not have constituted providing legal advice, even if the questions Ms. Holland needed to ask Debtor to fill in Exhibit D correctly would probably have led Debtor to obtain the requisite counseling timely. It appears from the documents that Ms. Holland did not correctly perform her duty as a bankruptcy petition preparer, in that Debtor had not obtained the requisite counseling at the time that Exhibit D was signed, contrary to what Exhibit D says. It is therefore incumbent on the Court to inquire into what happened, and perhaps take some appropriate action, such as requiring the refund of the fees charged to Debtor, or perhaps requiring Ms. Holland to pay the filing fee for another petition.

IT IS THEREFORE ORDERED that this chapter 7 case is dismissed without prejudice to Debtor filing another case (that is, the Debtor may file another bankruptcy case).

IT IS FURTHER ORDERED that this chapter 7 case will not be closed so that the Court can inquire of the bankruptcy petition preparer concerning the circumstances of how it came to be that

Case 07-11640-s7    Doc 15    Filed 10/31/07    Entered 10/31/07 15:57:49 Page 5 of 7

Exhibit D was filled out and submitted to the Bankruptcy Court the way it was, and what consequences might flow from any such determination.

IT IS FURTHER ORDERED that the bankruptcy petition preparer Theresa Holland shall appear in person or by telephone** before the Honorable James Starzynski in the Dennis Chavez Federal Building and United States Courthouse, 13th floor, Room 13102, 500 Gold Avenue SW, Albuquerque, New Mexico, on **November 26, 2007 at 11:00 a.m.** to explain the circumstances of how it came to be that Exhibit D was filled out and submitted to the Bankruptcy Court the way it was.

IT IS FURTHER ORDERED that Debtor may appear in person or by telephone at the hearing if she wishes; she has no obligation to do so if she does not want to.

**Counsel/parties may appear by telephone if a written request is received in the Court's Chambers by 5:00 P.M. of the business day prior to the hearing. Requests to appear by telephone may be faxed to (505) 348-2432 (this fax number may be used only for this purpose), or may be sent by email only to Judge Starzynski's chambers at starzynski@nmcourt.fed.us. The email must have a subject heading that includes the word "telephone", correctly spelled. The text of the request must contain your name, the case name, date and time of hearing, and the number at which you can be reached when we call you for the hearing. Do not send your request to the Clerk's office and do not file your request as a pleading.

/s/ James S. Starzynski
James S. Starzynski
United States Bankruptcy Judge

COPY TO:

Amber L. Silva
906 Dolores Dr. NW
Albuquerque, NM 87105

Yvette Gonzales
Trustee
PO Box 1037
Placitas, NM 87043-1037

Case 07-11640-s7    Doc 15    Filed 10/31/07    Entered 10/31/07 15:57:49 Page 6 of 7

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Teresa Holland
1100 Alvarado SE, #112
Albuquerque, NM 87108